UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| DELORES WALKER, ) | CASE NO. 1:06 CV 2245 |
| ) | |
| Plaintiff, ) | JUDGE ANN ALDRICH |
| ) | |
| v. ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| CITY OF CLEVELAND POLICE DEPARTMENT) | |
| ) | |
| Defendant. ) | |

On September 18, 2006, plaintiff pro se Delores Walker filed the above-captioned in forma pauperis action against the City of Cleveland Police Department.  For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

The complaint states in its entirety as follows:

> I complained about Richard Stanszek at 6203 Francis stalking me in 2000 and I woke up one morning to find him and other gentlemans in my house.  They covered my face with a towel and knocked me out.  Jack Demsey was one of the gentlemen there.  Richard follow me to Georgia in 2004 when I moved there.  He was stalking me on the Sept 3 2006 and I called it in to police Badge #33 6:25 pm.  She acted as if I was the criminal.  Georgia Tag 5956 ATB Brown Van.

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a

claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989); <u>Lawler v. Marshall</u>, 898 F.2d 1196 (6th Cir. 1990); <u>Sistrunk v. City of Strongsville</u>, 99 F.3d 194, 197 (6th Cir. 1996).

A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. <u>See Schied v. Fanny Farmer Candy Shops, Inc.</u>, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985). To do so would "require ...[the courts] to explore exhaustively all potential claims of a <u>pro se</u> plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." <u>Id.</u> at 1278.

Further, legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. <u>Morgan v. Church's Fried Chicken</u>, 829 F.2d 10, 12 (6th Cir. 1987); <u>see also</u>, <u>Place v. Shepherd</u>, 446 F.2d 1239 (6th Cir. 1971) (conclusory section 1983 claim dismissed). Even liberally construed, the complaint does not contain allegations reasonably suggesting plaintiff might have a valid federal claim against the named defendant. <u>See</u>, <u>Lillard v. Shelby County Bd. of Educ.</u>, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

Accordingly, the request to proceed <u>in forma pauperis</u> is granted this action is dismissed under 28 U.S.C. § 1915(e). Further, the court certifies, pursuant to 28 U.S.C. §

---

[1] A claim may be dismissed <u>sua sponte</u>, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. <u>McGore v. Wrigglesworth</u>, 114 F.3d 601, 608-09 (6th Cir. 1997); <u>Spruytte v. Walters</u>, 753 F.2d 498, 500 (6th Cir. 1985), <u>cert. denied</u>, 474 U.S. 1054 (1986); <u>Harris v. Johnson</u>, 784 F.2d 222, 224 (6th Cir. 1986); <u>Brooks v. Seiter</u>, 779 F.2d 1177, 1179 (6th Cir. 1985).

1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


    s/Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE


Dated: <u>November 6, 2006</u>

3